DIX v. BOHRER

(April 23, 1928.  Opinion and Decree.)

(*Syllabus by the Court*)

1. Louisiana Digest—Appeal—Par. 625.
We see no error in the judgment and it is therefore affirmed.

Appeal from Civil District Court.  Hon. Porter Parker, Judge.

Action by Mrs. Frederick H. Dix against Philip Bohrer.

There was judgment for defendant and plaintiff appealed.

Judgment affirmed.

Wm. McL. Fayssoux, of New Orleans, attorney for plaintiff, appellant.

Charles Rosen, of New Orleans, attorney for defendant, appellee.

CLAIBORNE, J. This is a suit by the purchaser of a moving picture show against her vendor.

The plaintiff alleged that by notarial act dated June 24, 1921, she purchased from the defendant Bohrer the "Victory Theater," a moving picture show with all its contents, more particularly: 1st, an Electric Piano; 2nd, an Electric Fan, and 3rd, an Oscillating Fan, and that the 1921 taxes were to be prorated between them; that the theatre was sold as a going concern with all equipment in good working order and was to be delivered accordingly; that although the act of sale was passed on June 24th the defendant refused to deliver it until the 27th or three days later; that during those three days the defendant operated the theatre and retained the receipts from admission which amounted to $173.55; that the defendant also collected from screen advertisements from June 24th to June 30th, $7; that she paid for the repairs of the electric fan, $5.50; that she also paid $10 for painting the sign of the "Victory Theatre" which defendant had agreed to paint; that she also paid $85 to repair the piano which was not in good working order; that under the direction of the defendant she delivered the oscillating fan for repairs to one Cambias who has not returned the same and that it is worth $35.50; that she has also paid to the City the 1921 taxes amounting to $18.36 of which the share of the defendant is $8.87, all of which amount to $327.14 which defendant refuses to pay.

The defendant admitted the sale but denied that the theatre was to be delivered

in good working order but same was sold just as it was; he denied that the theatre was to be delivered on the day of sale, but on the contrary it was to be delivered on July 1st; he admitted owing the following amounts:

1st, Screen Advertising _____$4.00
2nd, Repairs to Electric Fan _____ 5.50
3rd, City Taxes _____ 8.87

Making a total of _____$18.37

He denied all the other allegations of the petition. Assuming the character of plaintiff in reconvention defendant claimed the amount of his deposit on film contracts $339.95, which plaintiff had promised to reimburse.

There was judgment in favor of plaintiff for $18.37 admitted by defendant, and in favor of defendant against plaintiff for $216.63.

The plaintiff has appealed.

The first three items claimed by plaintiff are the piano and the two fans. The contract of sale to them reads as follows:

"Philip Bohrer sells with all legal warranties unto Mrs. Frederick H. Dix the following property: One Electric Piano, 4 Electric Fans, one 8-inch Electric Fan."

Nothing whatever is said concerning the condition of said piano or fans.

An attempt to show the condition of those articles was made and objected to on the ground that the contract spoke for itself. The objection was maintained. The defendant contends that the sale was made of the contents of the theatre such as they were. He seems to be supported by a letter of the plaintiff dated July 4, 1921, in which plaintiff's husband, her agent, writes to defendant:

"Of course I am working hard to make it a success, getting out heralds, etc., to advertise the place and trying to keep my patrons together. * * * I have been putting in as much time as possible in going over the equipment at the theatre. I find it generally in very bad shape. It took me two days to go over all the chairs, putting in missing screws and bolts and changing broken seats for good ones. The piano is in very bad condition. All the valves are stopped up and it will not play at all by electricity. The motor is all right, but on account of the valves no air can come through. I am having estimates made as to the cost of repairs and the lowest figure is $85, and then it has to be taken to the shop to be fixed up. It will take all of two weeks to do the work. Another wall fan has gone on a strike with a burned armature. The one you sent away has not yet been returned. I have got back the small office fan for repairs to which I paid $5.50. This was what Joe said he agreed to pay."

No claim is made in said letter by the plaintiff for defects in any of the equipments of the theatre or claim for repairs to the same. We construe this letter as evidence that plaintiff did not understand that defendant was to deliver to him any of them in good working order.

2nd. The act of sale provides for the sale of the lease from the first day of July, 1921, up to and including September 30, 1925. Under that clause the plaintiff was not entitled to possession of the property sold until July 1st. Plaintiff, however, was put in possession on June 27th, being a Monday. Defendant admits that in the same letter quoted above, he says:

"I have received a check from the advertising Co. for June service made out in your name. I am holding it for your instructions. Part of it, of course, belongs to me for the last four days of June, but we can settle that question when you come back to town."

3rd. The above statement is also conclusive against plaintiff's claim for the admission receipts to the theatre for June

24th, 25th and 26th and for the screen advertisements.

This leads us to the reconventional demand for refund of deposits. The defendant has established his claim for deposits made by him with film companies under contracts assumed by plaintiff and used by her and for the purchase of films, amounting to $216.63.

The judgment is therefore affirmed.